UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALVRUS, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>XPLR INFRASTRUCTURE, LP f/k/a NEXTERA ENERGY PARTNERS, LP; JOHN W. KETCHUM; BRIAN W. BOLSTER; TERRELL KIRK CREWS II; AND NEXTERA ENERGY, INC.,<br><br>  Defendants. | Case No.: 25-CV-1755 JLS (DDL)<br><br>**ORDER:**<br><br>**(1) GRANTING JAMES ALVRUS'S UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND**<br><br>**(2) DENYING AS MOOT STEVEN J. WESTON REVOCABLE TRUST'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>(ECF Nos. 23, 24) |

Presently before the Court is Movant Steven J. Weston Revocable Trust's ("Weston Trust") Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Weston Mot.," ECF No. 23) and Movant James Alvrus's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Alvrus

Mot.," ECF No. 24).  Also before the Court is Weston Trust's Non-Opposition to Competing Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Non-Opp'n," ECF No. 26) and Alvrus's Notice that James Alvrus's Motion for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel is Unopposed ("Not.," ECF No. 27).

On July 9, 2025, Alvrus commenced this action against Defendants, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  ECF No. 1 ("Compl.").  Weston Trust and Alvrus filed separate motions for appointment as lead plaintiff and the selection of counsel on September 8, 2025.  On October 1, 2025, Weston Trust gave notice of its non-opposition to Alvrus's Motion in light of Alvrus's greater financial interest in the action.  *See generally* Non-Opp'n.  For the reasons stated below, the Court **GRANTS** Alvrus's unopposed Motion (ECF No. 24) and **DENIES AS MOOT** Weston Trust's Motion (ECF No. 23).

## APPOINTMENT AS LEAD PLAINTIFF

### I.    Legal Standard

The PSLRA governs the selection of a lead plaintiff in private securities class actions: the lead plaintiff is to be the "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  There is a three-step process in determining the lead plaintiff under the PSLRA.  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  The first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(i)(I).  This notice must also alert the public that "any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Next, the court must select the presumptive lead plaintiff.  *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).  To determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs

and determine which one has the most to gain from the lawsuit." *Id.* at 730. After the court identifies the plaintiff with the most to gain, the court must determine whether that plaintiff, based on the information he provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If that occurs, that plaintiff becomes the presumptive lead plaintiff. *Id.* If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23. *Id.* The court repeats this process until it selects a presumptive lead plaintiff. *Id.*

Finally, plaintiffs not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). This is accomplished by demonstrating the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d at 731. The court repeats this process "until all challenges have been exhausted." *Id.* (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)).

## II. Analysis

### A. Notice

On July 9, 2025, Movant James Alvrus filed this securities class action, *see generally* Compl., and published notice of pendency of the action in *Business Wire*, Alvrus Mot. at 5; ECF No. 24-1 ("Jasnoch Decl.") Ex. A. The notice publicized the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). The notice also alerted the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Therefore, Alvrus has

satisfied notice under the PSLRA.

### B.  Selection of Presumptive Lead Plaintiff

As noted above, the PSLRA provides that the "'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case," so long as that plaintiff meets the requirements of Federal Rule of Civil Procedure 23. *In re Cavanaugh*, 306 F.3d at 729. Alvrus asserts financial losses in this action of approximately $2,273,533. Alvrus Mot. at 6; Jasnoch Decl. Ex. C. As Alvrus contends, based on the information presently available, Alvrus has the largest financial interest in this action. Alvrus Mot. at 6; *see also* Non-Opp'n at 2.

Alvrus also satisfies the typicality and adequacy requirements under Rule 23. Typicality requires "that the claims of the class representatives be typical of those of the class" and is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (internal quotation marks omitted). Here, typicality is met because Alvrus's claims are typical of the claims of other class members in that they arise out of the same alleged misconduct by Defendants, and like other class members, Alvrus acquired XPLR common units during the class period, from September 27, 2023, to January 27, 2025, and suffered damages as a result of Defendants' alleged misconduct. Alvrus Mot. at 7–8.

The adequacy requirement determines whether the class representative and their counsel "have any conflicts of interest with other class members" and whether the class representative and their counsel will "prosecute the action vigorously on behalf of the class[.]" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Here, there is no evidence of conflict between Alvrus and other class members. *See* Alvrus Mot. at 8. Additionally, Alvrus contends his counsel is "qualified, experienced, and vigorously able to conduct the litigation." *Id.* Accordingly, the Court finds that, for purposes of lead plaintiff appointment, Alvrus has

made a showing satisfying the adequacy requirement of Rule 23.

Because Alvrus has the greatest financial stake and satisfies the requirements of Rule 23(a), he is presumptively the most adequate plaintiff to represent the class. This presumption may be rebutted only upon proof by a member of the purported plaintiff class that Alvrus either (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render . . . [him] incapable of adequately representing the class." 15 U.S.C. § 78u4(a)(3)(3)(B)(iii)(II). No party has opposed Alvrus's motion for appointment as lead plaintiff. *See generally* Docket. There is also no evidence that Alvrus has any unique defenses. Accordingly, the presumption that Alvrus is the most adequate lead plaintiff has not been rebutted, and the Court therefore need not proceed to consider the motion of the movant with the next largest financial stake. *See In re Cavanaugh*, 306 F.3d at 730–31. Absent proof that the lead plaintiff candidate with the largest financial interest does not satisfy the requirements of Rule 23, said candidate is "entitled to lead plaintiff status." *In re Cavanaugh*, 306 F.3d at 732. Accordingly, Alvrus is entitled to be the lead plaintiff in this action.

## APPROVAL OF LEAD COUNSEL

Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citing *In re Cavanaugh*, 306 F.3d at 732, 734 n.14). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citing *Cendant*, 264 F.3d at 276; H.R. Rep. No. 104-369 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730, 734).

Alvrus asks the Court to approve his selection of Scott+Scott as lead counsel. Mot. at 9. The Court has reviewed the firm's resume, *see* Jasnoch Decl. Ex. E, and the Court is satisfied that Alvrus has made a reasonable choice of counsel. The law firm of Scott+Scott has extensive experience in litigating securities class actions, and it appears that it will

adequately represent the interests of all class members. *See* Alvrus Mot. at 9 n.1, 10 n.2; Jasnoch Decl. Ex. E. Accordingly, the Court defers to Alvrus's choice of counsel.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Movant James Alvrus's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 24) and **DENIES AS MOOT** Movant Weston Trust's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (ECF No. 23). The Court hereby **ORDERS** that:

1. Movant James Alvrus is **APPOINTED** as Lead Plaintiff.

2. Movant James Alvrus's selection of Scott+Scott as lead counsel is **APPROVED**.

3. Pursuant to the Court's order entered on August 15, 2025, *see* ECF No. 12, within fourteen (14) days of entry of this Order, the Lead Plaintiff James Alvrus and Defendants **SHALL** submit a joint proposed schedule for the filing of an amended complaint and Defendants' response(s) thereto.

**IT IS SO ORDERED.**

Dated: November 7, 2025

Hon. Janis L. Sammartino
United States District Judge